UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAN MARGINEANU,

    Plainitff,

    v.                                          Case No. 17-CV-728

JEFF B. SESSIONS, in his official
Capacity as Attorney General of
The United States, *et al.*,

    Defendants.

## DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS

Dan Margineanu brings this lawsuit against Jeff Sessions as Attorney General of the United States, John Kelly as Secretary of the Department of Humans Services, James McCamment as Acting Director of United States Citizens and Immigration Services (USCIS), Thomas Cioppa as District Director of Milwaukee's USCIS office, and Kay Leopold as Field Director of Milwaukee's USCIS office (collectively defendants). Margineanu seeks declarative relief from defendants' decision to deny his I-485 Application to Register Permanent Residence or "Adjust Status." Defendants move to dismiss under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6 for failure to state a claim. For the reasons explained below, defendants' motion to dismiss is granted.

## BACKGROUND

The complaint alleges that Margineanu is a native and citizen of Romania. (Compl. ¶ 17.) Sometime in 1995, Margineanu's former wife filed an I-130 Petition for Alien

Relative Application and Margineanu filed his initial I-485 Application, which was approved, allowing him to work in the United States. (Compl. ¶ 18.) Margineanu worked for the same employer in Clinton, Iowa, for seventeen years. (Compl. ¶ 19.) After posting his work credentials online mid-2013, Coca Cola offered him a job. (*Id.*) He initially declined. (*Id.*) After Coca Cola made an enhanced offer, Margineanu accepted, but chose to begin working January 2014. (Compl. ¶ 20.) After Coca Cola processed Margineanu's acceptance of employment, the Social Security Administration alerted the company that there was a mismatch between the information it provided for Margineanu and the information stored in its databases. (Compl. ¶ 21.) Additionally, when Coca Cola performed an electronic verification, it determined that Margineanu was not authorized to work in the United States. (*Id.*) Coca Cola terminated its offer of employment. (Compl. ¶ 22.)

Margineanu was married on January 11, 2014 and his wife, Dorottya, filed an I-130 Application on his behalf. (Compl. ¶ 23.) Margineanu also filed a new I-485 and I-765 application. (*Id.*) On October 18, 2016, Margineanu's I-485 Application was denied by Kay Leopold, Field Office Director of USCIS. (Compl. ¶ 26.) In the decision, Leopold stated that, according to USCIS records, Margineanu falsely "claimed to be a United States citizen to gain employment" (*id.*), and therefore, was "restricted from adjustment of status." (Leopold Decision, Ex. A. of Compl., Docket # 1-3.) On November 4, 2016, Margineanu filed a motion for reconsideration. (Motion for Reconsideration, Ex. B of Compl., Docket # 1-4.) On December 28, 2016, Leopold denied Margineanu's motion. (Reconsideration Denial Order, Ex. O. of Compl., Docket # 1-13.)

Margineanu seeks declarative judgment against defendants for: (1) an improper denial of his I-485 Application and (2) a violation of the Administrative Procedure Act. (Compl. ¶ 50, ¶ 58).

**ANALYSIS**

Federal courts are courts of limited jurisdiction and can only decide cases the Constitution and Congress authorize. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (internal citation omitted). Rule 12(b)(1) of the Federal Rules of Civil Procedure govern challenges to the Court's subject matter jurisdiction. "Under Rule 12(b)(1), the district court must accept as true all material allegations of the complaint, drawing all reasonable inferences therefrom in the plaintiff's favor. . . ." *Remijas v. Neiman Marcus Group*, LLC, 794 F.3d 688, 691 (7th Cir. 2015). However, as the party invoking federal jurisdiction, the plaintiff has the burden to show that jurisdiction is proper. *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 722 (7th Cir. 2012) (internal citation omitted).

    1.    *Subject Matter Jurisdiction*

Defendants argue that this Court lacks jurisdiction over Margineanu's claim because (1) there is no explicit statutory waiver of sovereign immunity and (2) there is no statute that confers subject matter jurisdiction over Margineanu's claim. The United States, which includes federal agencies, "may not be sued without its consent" and "the consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Government waivers of immunity must be expressed clearly in a statute, "are not implied, and are construed narrowly against the plaintiff." *Gessert v. United States*, 703 F.3d 1028, 1033 (7th Cir. 2013) (citing *Soriano v. United States*, 352 U.S. 270, 276 (1957)). To maintain a claim against the United States in federal court, a

plaintiff must (1) identify a federal statute that "confers subject matter jurisdiction on the district court" and (2) identify a statute that "waives sovereign immunity of the United States to the cause of action." *Macklin v. United States*, 300 F.3d 814, 819 (7th Cir. 2002). "Failure to satisfy either requirement mandates the dismissal of the plaintiff's claim." *Id*.

### 1.1. Waiver Under the Administrative Procedure Act

Here, Margineanu argues that 5 U.S.C. § 702 of the Administrative Procedure Act ("APA") waives sovereign immunity. 5 U.S.C. § 702 states, in relevant part:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

5 U.S.C. § 702. Additionally, Margineanu cites to *Littel v. Morton*, 445 F.2d 1207 (4th Cir. 1971), to argue that the doctrine of sovereign immunity "has been under assault" and that a lack of explicit waiver does not "always and everywhere" preclude district court review. (Pl.'s Br. in Opp. ("Pl.'s Resp.") at 5, Docket # 13.) Therefore, according to Margineanu, the APA waiver coupled with 28 U.S.C. §§ 2201 and 2202 of the Declaratory Judgment Act confers subject matter jurisdiction on this Court. (Compl. ¶ 6.)

The APA allows for judicial review of a "final agency action." 5 U.S.C. § 704. Here, the parties dispute whether the denial of Margineanu's application is a final agency action. Defendants argue that Margineanu's claim is not a review of a "final agency decision" because Margineanu has been placed into removal proceedings and has a right to renew his request for adjustment of status before an Immigration Judge. (Defs.' Reply Br. at 4, Docket # 14.) Margineanu argues that because his I-485 Application denial was made by USCIS,

4

an agency under the Department of Human Services, and any review would be handled in Immigration Court, an agency of the Department of Justice, USCIS' decision was "as final as an agency decision gets" which thus warrants review. (Pl.'s Resp. at 11, Docket # 13.)

A petition to adjust an alien's status is governed by 8 U.S.C. § 1255 of the Immigration and Nationality Act ("INA"). *Bultasa Buddhist Temple of Chicago v. Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017); *Wroblewska v. Holder*, 656 F.3d 473, 477 (7th Cir. 2010). The Seventh Circuit has found that a denial of an application for adjustment status is a discretionary decision that cannot be reviewed by the courts. *Wroblewska*, 656 F.3d at 477 ("We lack jurisdiction to review a variety of agency decisions denying discretionary relief, including an IJ's decision to deny an application for adjustment of status") (citing 8 U.S.C. § 1252(a)(2)(B)(i)). Section 1252(a)(2)(B) states that "no court shall have jurisdiction to review . . . any judgment regarding the grant of relief under section . . . 1255 of this title." 8 U.S.C. § 1252(a)(2)(B). Therefore, "[t]he Court [] lacks jurisdiction to review the USCIS's denial of [plaintiff's] I-485 application." *Jung Eun Lee v. Johnson*, Case No. 15-C-9378, 2017 WL 1001574 *4 (N.D. Ill. March 15, 2017).

This position has been consistently followed by the district courts within the Seventh Circuit. *See Ogbolumani v. U.S. Citizenship and Immigration Services*, 523 F. Supp. 2d 864 (N.D. Ill. 2007) ("Congress has specifically stripped the courts of jurisdiction to review any judgment regarding the granting of Adjustment of Status under § 1255."); *Kebe v. Naplitano*, Case No. 11-CV-1130, 2012 WL 1409626 *4 (S.D. Ind. April 23, 2012) (finding that the "APA does not authorize review" of a I-485 Application denial when removal proceedings have begun and the plaintiff has an available remedy before the Immigration Judge, the Board of Immigration Appeals, "and, from there, directly to the Seventh Circuit"); *Singh v.*

5

*Johnson*, Case No. 15-C-1916, 2016 WL 4398707 *3 (S.D. Ind. Aug. 17, 2016) (finding that the INA "expressly forecloses this Court's jurisdiction to review the denial of [plaintiff's] I-485 Application and any argument he makes for why the denial was wrong") Accordingly, this Court lacks jurisdiction to review defendants' decision to deny Margineanu's I-485 Application.

Margineanu argues that Leopold's decision to deny his I-485 Application was not discretionary under 8 U.S.C. § 1255. (Pl.'s Resp. at 21.) Specifically, Margineanu asserts that determining whether an immigrant is eligible for permanent residence is an "antecedent, non-discretionary determination" and considers "a fact established in the record." (*Id.*) This argument fails. The Seventh Circuit has been clear that denying an application for adjustment of status is a discretionary decision that cannot be reviewed in federal court. *Pouhova v. Holder*, 726 F.3d 1007, 1016 n.7 (7th Cir. 2013) ("We do not have jurisdiction to review a discretionary denial of adjustment of status, *see* 8 U.S.C. § 1252(a)(2)(B). . . .") Margineanu has not provided any legal support from the Seventh Circuit that a denial of an I-485 Application for Adjustment Status is anything but discretionary.

To be clear, federal courts have jurisdiction to review "'constitutional claims or questions of law' that are related to the denial of an application for adjustment of status." *Wroblewska*, 656 F.3d at 477. However, Margineanu does not raise a constitutional claim, but asserts "an improper denial of I-485,"(Compl. ¶¶ 49-56) and thus a "violation of the APA, (Compl. ¶¶ 57-63). This denial is squarely within defendants' discretion thus removing subject matter jurisdiction from judicial review. *See* 8 U.S.C. § 1252(a)(2)(B)(i). For all these reasons, Margineanu has not met his burden to show that jurisdiction is proper.

1.2     Declaratory Judgment Act

Finally, "'the Declaratory Judgment Act is not an independent source of federal subject matter jurisdiction, and requires an 'independent basis for jurisdiction.'" *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 935 (7th Cir. 2008) (quoting *GNB Battery Technologies v. Gould, Inc.*, 65 F.3d 615, 619 (7th Cir. 1995)). The Declaratory Judgment Act authorizes a federal court "in a case of actual controversy within its jurisdiction," to "declare the rights and other legal relations of any interested party seeking such declaration." It only provides an additional remedy once jurisdiction is independently established. *Balanyi v. Local 1031, Intern. Broth. of Elec. Workers AFL-CIO*, 374 F.2d 723, 726 (7th Cir. 1967). Therefore, the Declaratory Judgment Act cannot confer subject matter jurisdiction that does not otherwise exists in Margineanu's case. Accordingly, defendants' motion to dismiss Margineanu's complaint is granted.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that defendants' motion to dismiss Margineanu's complaint for lack of jurisdiction (Docket # 10) is **GRANTED**;

**IT IS FURTHER ORDERED** that this case is **DISMISSED**;

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee Wisconsin this 23rd day of July, 2018.

BY THE COURT
*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge